IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01271-RM-BNB

MAGDELENO TORRES RODRIGUEZ,

Plaintiff,

v.

ROSSI DAIRY PRODUCE, LLC, a Colorado limited liability corporation,
RAYMOND ROSSI, and
VINCENT ROSSI,

Defendants.

_____

**ORDER**
_____

This matter arises on **Plaintiff's Motion for Leave to File Amended Complaint** [Doc. # 33, filed 3/13/2014] (the "Motion to Amend"), which is GRANTED.

The action was commenced by filing a Complaint [Doc. # 1] on May 15, 2013. The defendants answered and asserted counterclaims on September 19, 2013. Answer [Doc. # 13]. The Scheduling Order [Doc. # 24] set December 6, 2013, as the deadline to join parties and amend pleadings. Id. at p. 12.

The Motion to Amend seeks leave to add a claim for retaliation under the Migrant and Seasonal Agricultural Worker Protection Act and retaliation; and for age discrimination in violation of the Age Discrimination in Employment Act. The defendants resist amendment arguing undue delay and futility.

The plaintiff could not assert his age discrimination claim until October 6, 2013, which is beyond the deadline for amendments set by the Scheduling Order. Consequently, even in the

exercise of reasonable diligence, the plaintiff could not have met the deadline to join and amend, and good cause exists to alter the Scheduling Order to extend that deadline.

Whether to allow an amendment to a pleading is controlled by Fed. R. Civ. P. 15 and the cases construing it:

> Rule 15(a) provides leave to amend "shall be freely given when justice so requires." Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993). On the issue of futility, it has been said:

> [T]he Court will note that the [defendants'] futility argument seems to place the cart before the horse. Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place.

General Steel Domestic Sales, LLC v. Steelwise, LLC, 2008 WL 2520423 (D. Colo. June 20, 2008).

I find no undue delay on the part of the plaintiff in filing the Motion to Amend, and I cannot say with certainty, based on the record now before me, that the requested amendments are futile as a matter of law.

IT IS ORDERED:

(1)     The Motion to Amend [Doc. # 33] is GRANTED;

(2)     The Clerk of the Court is directed to accept for filing the First Amended Complaint [Doc. # 33-2]; and

(3)     The hearing on the Motion to Amend set for April 3, 2014, at 2:00 p.m., is

VACATED.

Dated March 31, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge