IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01271-RM-BNB

MAGDELENO TORRES RODRIGUEZ,

Plaintiff,

v.

ROSSI DAIRY PRODUCE, LLC, a Colorado limited liability corporation,
RAYMOND ROSSI, and
VINCENT ROSSI,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

The parties have requested a stay of proceedings for at least three months because "[d]efendant Raymond Rossi passed away on April 28, 2014," and "[t]he parties desire to give the Rossi family time to grieve without the pressure of filing and discovery deadlines." Joint Motion to Stay [Doc. # 44, filed 6/3/2014]. In addition, the parties indicate a possibility of settlement, stating that "[i]f efforts at resolution are unsuccessful" the parties will seek an order "to govern the remaining conduct of the litigation." Id. at p. 2. The action is more than one year old, having been filed in May 2013. Motions to dismiss filed in November and December [Doc. ## 25, 29] remain pending.

Under the totality of the circumstances presented, this appears to be a case appropriate for administrative closure under D.C.COLO.LCivR 41.2:

> A district judge or a magistrate judge exercising consent
> jurisdiction may order the clerk to close a civil action
> administratively subject to reopening for good cause.

> Administrative closure of a civil action terminates any pending motion. Reopening of a civil action does not reinstate any such motion.

I respectfully RECOMMEND that the action be closed administratively subject to reopening for good cause under the terms of D.C.COLO.LCivR 41.2.[1]

Dated June 12, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).