# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 13-cv-01271-RM-BNB

MAGDALENO TORRES RODRIGUEZ,

    Plaintiff,

v.

ROSSI DAIRY PRODUCE, LLC, a Colorado Limited Liability Corporation,
RAYMOND ROSSI, and
VINCENT ROSSI,

    Defendants.

_____

# ORDER ON
# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE (ECF NO. 47)
_____

THIS MATTER is before the Court on the Recommendation of United States Magistrate Judge ("Recommendation") (ECF No. 47) that this case be administratively closed pursuant to D.C.COLO.LCivR 41.2. The Recommendation was made in light of the parties' joint motion to stay this action (ECF No. 44) for at least three months due to the death of Defendant Raymond Rossi and to allow the parties to engage in settlement negotiations. Plaintiff objected (ECF No. 48) but Defendants agreed with the Recommendation (ECF No. 49). Upon consideration of the Recommendation, Objection, Response, Court file, and applicable rules and case law, the Court finds that the Recommendation is neither clearly erroneous nor contrary to law. However, in light of the period of time for which the parties requested a stay of proceedings and the

Magistrate Judge's recent Minute Order vacating deadlines and setting a status conference, the Court finds the Recommendation is now moot.

In addition, the Court finds the two pending Motions to Dismiss are moot. Here, Plaintiff filed a Complaint and Defendants filed an Answer and Counterclaims. (ECF Nos. 1, 13.) Plaintiff filed a Motion to Dismiss the Counterclaims (ECF No. 25) while Defendants filed a Motion to Dismiss Plaintiff's claims (ECF No. 29). However, thereafter, Plaintiff filed an Amended Complaint containing additional allegations and one additional claim. Defendants responded with an Answer and Counterclaims ("New Counterclaims") that also contain additional allegations. Defendants have represented that Plaintiff's Amended Complaint has made much of their Motion to Dismiss irrelevant. Upon a review of the filings, and consideration of Defendants' representation, the Court finds that in light of the Amended Complaint and subsequently filed New Counterclaims, the parties' Motions to Dismiss are moot.

Finally, the Court finds that a substitution of a party may be required. Pursuant to Fed. R. Civ. P. 25, if a party dies and the claim is not extinguished, a motion for substitution should be filed by any party or the decedent's successor or representative. The parties have represented that Defendant Raymond Rossi passed away on April 28, 2014. Accordingly, unless a motion for substitution of the proper party is made within 90 days of the date of this Order, Defendant Raymond Rossi will be dismissed from this action. It is therefore **ORDERED** that

1. The Recommendation (ECF No. 47) is Moot;

2. Plaintiff's Motion to Dismiss (ECF No. 25) is denied as Moot;

3. Defendants' Motion to Dismiss (ECF No. 29) is denied as Moot;

4. The parties may, but are not required to, file new motions to dismiss within 21 days of the date of this Order; and

5. Plaintiff shall file a motion for substitution of the proper party for Defendant Raymond Rossi within 90 days of the date of this Order or this defendant will be dismissed from this action.

DATED this 25th day of September, 2014.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge